Case 4:24-cv-02599   Document 8   Filed on 08/15/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-2599 |
| | § | |
| DISCOVER BANK, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Eric Williams ("Plaintiff") alleges that someone fraudulently opened a credit card with Discover Bank ("Defendant") in his name and that Defendant is inaccurately reporting that Plaintiff opened the account and owes $7,006.00.[1]  Pending before the court is Defendant Discover Bank's Motion to Compel Arbitration and Stay ("Defendant's Motion to Compel") (Docket Entry No. 3).  Resolving Defendant's Motion to Compel requires the court to determine whether Plaintiff agreed to the Cardmember Agreement or whether a third party fraudulently opened and used the card in his name. Because Defendant attaches the application containing personal information including a social security number and because Plaintiff has not responded to contradict Defendant's evidence, Defendant's Motion to Compel will be granted.

---

[1] Small Claims Petition ("Petition"), Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 7.  All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

## I. Background

On April 10, 2018, someone applied for and opened a credit card with Defendant, using Plaintiff's name.[2] Defendant mailed the credit card and a Cardmember Agreement to the address in the application.[3] The Cardmember Agreement states that using the card constitutes acceptance of the Agreement.[4] Someone used the card to make purchases.[5]

The Cardmember Agreement states that "[i]n the event of a dispute between you and us arising out of or relating to this Account or the relationships resulting from this Account or any other dispute between you or us ('Claim'), either you or we may choose to resolve the Claim by binding arbitration[.]"[6]

Plaintiff filed this action in the Justice Court of Harris County, Texas.[7] Plaintiff alleges:

---

[2]Declaration of Janusz "John" Wantuch in Support of Discover Bank's Motion to Compel Arbitration and Stay ("Wantuch Decl."), Exhibit A to Defendant's Motion to Compel, Docket Entry No. 3-1, p. 3 ¶ 8; Application, Exhibit 1 to Wantuch Decl., Docket Entry No. 3-2, p. 2.

[3]Wantuch Decl., Exhibit A to Defendant's Motion to Compel, Docket Entry No. 3-1, pp. 3-4 ¶ 9.

[4]Cardmember Agreement, Exhibit 2 to Wantuch Decl., Docket Entry No. 3-3, p. 2 (Acceptance of Agreement).

[5]Wantuch Decl., Exhibit A to Defendant's Motion to Compel, Docket Entry No. 3-1, p. 5 ¶ 17; Account Summary, Exhibit 4 to Wantuch Decl., Docket Entry No. 3-5, p. 2.

[6]Cardmember Agreement, Exhibit 2 to Wantuch Decl., Docket Entry No. 3-3, p. 4 (Arbitration).

[7]Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, pp. 6-7.

> Having sent 2 certified letters requesting Discover to remove incorrect fraudulent information from my credit reports and receiving no relief, I am now bringing suit against Discover. Discover owns an account which they claim belongs to Eric Williams. This account was created through identity theft, specifically through a data breach with AT&T. The Account in question is in the amount of $7,006.00. . . . Since Discover is unable or unwilling to provide signatory proof or information regarding date and location of the account's opening, I am left with no option but to bring a civil suit in order to have this debt waived and removed from my credit reports.[8]

Plaintiff alleges claims for defamation, "Negligent Enablement of Identity Fraud," violation of the Fair Debt Collection Practices Act, and violation of the Fair Credit Reporting Act.[9]

On July 18, 2024, Defendant filed its Motion to Compel and its brief in support.[10] Defendant argues that "[b]y using the account after receipt of the Cardmember Agreement, Plaintiff became bound by the arbitration provision."[11] Defendant argues that "Plaintiff's claims against Discover in this lawsuit fall squarely within the scope of the arbitration provision in the Cardmember Agreement because they 'arise out of or relate to' his Discover account."[12] Defendant therefore requests an order compelling Plaintiff to

---

[8] Id. at 7-8 (Cause of Action).

[9] Id. at 8 (Relief Requested).

[10] Defendant's Motion to Compel, Docket Entry No. 3; Defendant Discover Bank's Memorandum in Support of Its Motion to Compel Arbitration and Stay ("Defendant's Arbitration Brief"), Docket Entry No. 4.

[11] Defendant's Arbitration Brief, Docket Entry No. 4, p. 2.

[12] Id.

arbitrate his claims against Defendant and staying this action pending arbitration.[13]  Plaintiff has not responded to Defendant's Motion to Compel.

## II.  Legal Standards

Section 2 of the Federal Arbitration Act provides that "[a] written provision . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Section 3 of the FAA requires federal courts, on a party's motion, to stay litigation of claims subject to arbitration.  9 U.S.C. § 3.  Section 4 of the FAA permits a party to seek an order compelling arbitration if the other party has failed to arbitrate under a written agreement.  9 U.S.C. § 4.

Courts apply a two-step inquiry when ruling on a motion to compel arbitration.  Edwards v. Doordash, Inc., 888 F.3d 738, 743 (5th Cir. 2018) (citing Klein v. Nabors Drilling USA L.P., 710 F.3d 234, 236 (5th Cir. 2013)).  "First, the court asks whether there is a valid agreement to arbitrate and, second, whether the current dispute falls within the scope of a valid agreement."  Id.  "When deciding whether the parties agreed to arbitrate the dispute in question, courts generally . . . should apply ordinary state-law

---

[13]Defendant's Motion to Compel, Docket Entry No. 3, p. 2; Defendant's Arbitration Brief, Docket Entry No. 4, pp. 14-15.

principles that govern the formation of contracts." <u>Polyflow, L.L.C. v. Specialty RTP, L.L.C.</u>, 993 F.3d 295, 302-03 (5th Cir. 2021) (internal quotation marks omitted). "The party seeking to compel arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence." <u>Grant v. Houser</u>, 469 F. App'x 310, 315 (5th Cir. 2012) (per curiam).

### III. <u>Analysis</u>

Courts have upheld credit card terms stating that use of the card constitutes acceptance of the card's terms. <u>Grasso v. First USA Bank</u>, 713 A.2d 304, 309 (Del. Super. Ct. 1998); <u>Stinger v. Chase Bank, USA, NA</u>, 265 F. App'x 224, 227 (5th Cir. 2008). Moreover, Plaintiff's claims arise out of or relate to the Cardmember Agreement and are therefore within the scope of the arbitration clause.[14] The only question is whether Plaintiff applied for and used the card.

The Petition alleges that the account was fraudulently opened after an AT&T data leak.[15] Defendant argues that Plaintiff opened and used the account, attaching the application it received with Plaintiff's name, a social security number, an address, an email address, a date of birth, and a phone number.[16] Moreover, Defendant

---

[14] Cardmember Agreement, Exhibit 2 to Wantuch Decl., Docket Entry No. 3-3, p. 4 (Arbitration).

[15] Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 7.

[16] Wantuch Decl., Exhibit A to Defendant's Motion to Compel, Docket Entry No. 3-1, p. 3 ¶ 8; Application, Exhibit 1 to Wantuch Decl., Docket Entry No. 3-2, p. 2.

attaches account statements to show that the card was used to make purchases.[17] Although this is not conclusive proof that Plaintiff opened and used the account, the court resolves factual disputes about the existence of an arbitration agreement on a preponderance standard. Grant, 469 F. App'x at 315. Because Plaintiff has not responded with any evidence, the court cannot credit Plaintiff's allegation that his data was leaked and used to fraudulently open the account. For purposes of Defendant's Motion to Compel, the court finds by a preponderance of the evidence that Plaintiff opened and used the card in question. By using the card, Plaintiff agreed to the terms of the Cardmember Agreement, including its arbitration clause. Because Plaintiff's claims fall within the scope of the arbitration clause, Defendant is entitled to an order compelling arbitration. As required by 9 U.S.C. § 3 and Smith v. Spizzirri, 144 S. Ct. 1173, 1176 (2024), the court will stay this action pending arbitration.

## IV.  Conclusion and Order

Because the court finds by a preponderance of the evidence that Plaintiff agreed to the Cardmember Agreement and because Plaintiff's claims fall within the Cardmember Agreement's arbitration clause, Defendant Discover Bank's Motion to Compel

---

[17]Wantuch Decl., Exhibit A to Defendant's Motion to Compel, Docket Entry No. 3-1, p. 5 ¶ 17; Account Summary, Exhibit 4 to Wantuch Decl., Docket Entry No. 3-5, p. 2.

Arbitration and Stay (Docket Entry No. 3) is **GRANTED**. Pursuant to 9 U.S.C. § 4, Plaintiff is **ORDERED** to submit the claims in his Petition to arbitration in accordance with the Cardmember Agreement's arbitration clause. This action is **STAYED** pending arbitration.

The parties are **ORDERED** to submit a joint status report on October 30, 2024, and every 60 days thereafter.

**SIGNED** at Houston, Texas, on this 15th day of August, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE